Edward J. Maney
Chapter 13 Trustee
101 N. First Ave., Suite 1775
Phoenix, Arizona 85003
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>    RONALD RELF,<br>    VANESSA RELF,<br><br><br><br>                      (Debtor(s)    ) | CHAPTER 13 PROCEEDINGS<br><br>CASE NO. # 2: 16-13256-BMW<br><br>TRUSTEE'S EVALUATION AND RECOMMENDATION(S) REPORT WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED<br>RE:  2nd AMENDED CHAPTER 13 PLAN<br>*Docket #86    filed April 24, 2018* |

Edward J. Maney, Trustee, has analyzed the Debtors' Second Amended Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.  *Please submit a copy of the Court's Claims Register with any submission of the Order Confirming.*

b. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d. The Debtors are required to provide directly to the Trustee, *within 30 days after their filing*, copies of their federal and state income tax returns for every year during the duration of the Chapter 13 Plan.  This requirement is to be included in any Order Confirming.

e. The Trustee requires that any proposed Order Confirming Plan state:  "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

f. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month.  Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term.  Any funding shortfall must be cured before the Case can be discharged.  This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

g. At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

h. At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case <u>and</u> that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

i. DEBTORS / DEBTORS' COUNSEL REMINDER - A letter is to be submitted to the Trustee, accompanying any Order Confirming, addressing all issues as they are listed in the Trustee's Recommendation. In addition, <u>**all** documents (ex: tax returns, paystubs etc.) submitted to the Trustee must be redacted – in compliance with Fed.R.Bankr.P.9037 -- by debtors and/or their counsel.</u>

**Specific Recommendations:**

1. The Trustee requires the debtors supply a copy of bank statement that reveals the balance on hand on the date of their filing of their case.

2. If the 2nd Amended Plan is not confirmed at 100% repayment to all creditors, the Trustee requires further information regarding their real property in Michigan. Is it being rented out? If no, why not? And if not, why should creditors subsidize any family living rent free or the debtors retaining a vacant, non-self-sustaining property? If it is being rented out, Schedule I must be included to include this income.

3. Schedule J must be amended to separately list all expenses for their two pieces of real property.

4. The Debtors received significant tax refunds for 2015, which, if allowed to continue, would constitute a diversion of projected disposable income. The Trustee requires the Debtors to adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly and provide two consecutive pay stubs to verify this has been corrected **OR** turn over tax refunds for each year during the life of the plan (2016, 2017 and 2018) as supplemental plan payments.

5. The Trustee requires a **completed** and **signed** copy of Debtor(s) 2016 & 2017 State and Federal tax returns, W-2's and 1099's, <u>as well as the turnover of net tax refunds</u>, per item #4 above.

6. The debtors' counsel filed a fee application on April 27, 2018 [doc. #87], for the amount of $6,564.47 (on which there is scheduled a hearing on July 31, 2018 at 11am), however this amount is not listed in the 2nd Amended Plan filed April 24, 2018. The Trustee requires an explanation regarding why these fees were not referenced in the 2nd Amended Plan.

7. The Trustee's analysis reveals a $28,643 funding shortfall including Chapter 7 Reconciliation, which must be cured before the Plan can be confirmed.

8. Plan payments are currently delinquent $3,994.68 with a payment of $1,988.40 coming due June 18, 2018.

9. The Trustee requires the debtors prove plan payment feasibility as their budget Schedules I and J reveal disposable income of $1,069 per month when plan payments are $1,988.40.

10. The Trustee requires any Order Confirming the 2nd Amended Plan detail fees that are to be paid to James Kahn ($250) and Matthew Boatman ($5,715.43).

In summary, the 2nd Amended Plan can be confirmed subject to the condition(s) noted above, adequate funding, and timely filed Stipulated Order Confirming, and Court approval.  **The Trustee requires that any Stipulated Order Confirming contain the "wet" signatures from the debtors (where applicable), debtors counsel and objecting creditors if there are any**.  General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee, subject to timely filed and allowed claims.  Chapter 7 reconciliation requirement will be met given debtors' scheduled equity in non-exempt property at petition date.  **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item(s) #1, #2, #3, #5, #6, #7, #8, #9 above and submit a Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Date See Electronic Signature Block

                EDWARD J. MANEY,
                CHAPTER 13 TRUSTEE

By: *Edward J. Maney, Esq.* — Digitally signed by Edward J. Maney, Esq. Date: 2018.06.14 10:13:00 -07'00'

Edward J. Maney ABN 12256
CHAPTER 13 TRUSTEE
101 North First Ave., Suite 1775
Phoenix, Arizona 85003
(602) 277-3776
ejm@maney13trustee.com

Copies of the forgoing
mailed on [see electronic signature],
to the following:

Ronald Relf
Vanessa Relf
5307 W. Muriel Dr.
Glendale, AZ 85308
Debtors

The Turnaround Team
1166 E. Warner Road
Suite #205
Gilbert, Arizona 85296
Debtors' counsel

By:\_\_\_\_Jackie Garcia\_\_\_\_
    Trustee's Clerk

Digitally signed by Jackie Garcia
DN: cn=Jackie Garcia, o=Edward J. Maney, Trustee, ou=File Clerk, email=jgarcia@maney13trustee.com, c=US
Date: 2018.06.15 11:26:25 -07'00'