```
                              United States Bankruptcy Court
                                    District of Arizona

In re:                                                    Case No. 16-13256-BMW
RONALD RELF                                               Chapter 13
VANESSA RELF
       Debtors                    CERTIFICATE OF NOTICE

District/off: 0970-2        User: stroude            Page 1 of 2         Date Rcvd: Sep 17, 2018
                            Form ID: pdf010          Total Noticed: 41


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 19, 2018.
db/jdb         RONALD RELF,    VANESSA RELF,    5307 W MURIEL DR,    GLENDALE, AZ 85308-5356
aty           +ANDREW M. DUDLEY,    EDWARD J. MANEY, CHAPTER 13 TRUSTEE,    101 N. FIRST AVE., STE 1775,
                PHOENIX, AZ 85003-1927
cr            +FLAGSHIP CREDIT ACCEPTANCE, LLC,    c/o Patricia Doyle-Kossick,    4500 S. Lakeshore Drive,
                Suite 575,   Tempe, AZ 85282-7187
md            +JAMES F. KAHN,    BANKRUPTCY LEGAL CENTER,    301 E. BETHANY HOME RD., STE. C-195,
                PHOENIX, AZ 85012-1266
cr            +U.S. Bank National Association, as trustee, on beh,    c/o McCarthy & Holthus, LLP,
                8502 E. Via De Ventura, Suite 200,    Scottsdale, AZ 85258-3240
14326667      +1st Finl Invstmnt Fund,    3091 Governors Lake Dr,    Peachtree Corners GA 30071-1135
14326668       Abrazo Arrowhead Campus,    P O Box 745823,    Los Angeles CA 90074-5823
14326670       Bureau of Medical Economics,    PO Box 20247,    Phoenix AZ 85036-0247
14417122       CAPITAL ONE, N.A.,   C/O BECKET AND LEE LLP,    PO BOX 3001,    MALVERN PA 19355-0701
14326673       Carolyn E. Kurylas, MD PC,    P O Box 39179,    Phoenix AZ 85069-9179
14326674      +Central Financial Control,    PO Box 66044,    Anaheim CA 92816-6044
14326675      +Commonwealth Finanical Systems, Inc.,    245 Main Street,    Dickson City PA 18519-1641
14326679       Gateway Surgery Center,    690 N Cofco Center Ct.,    Suite 150,    Phoenix AZ 85008-6469
14326681      +Honorhealth Osborn Campus,    7400 E Osborn Rd,    Scottsdale AZ 85251-6432
14326055       McCarthy & Holthus LLP,    1770 Fourth Avenue,    San Diego, CA 92101-2607
14346207      +Michigan State Housing,    Development Authority,    735 E Michigan Ave,   Lansing MI 48912-1474
14326685     #+Progressive Finance Services, Inc.,    P O Box 22083,    Tempe AZ 85285-2083
14326686       Radavantage,   Lockbox# 9452 P O Box 8500,    Philadelphia PA 19178-9452
14326688       Sonora Quest Laboratories,    PO BOX 52880,    Phoenix AZ 85072-2880
14326690       Stoneleigh Associates,    P O Box 1479,    Lombard IL 60148-8479
14326691       The Orthopedic Clinic Association,    P O Box 664014,    Dallas TX 75266-4014
14326692      +Universal Recovery Corp,    2880 Sunrise Blvd,    Ste 136,   Rancho Cordova CA 95742-6102
14326693      +West Glen Community Inc,    c/o Brown Olcott, PLLC,    373 S. Main Ave,   Tucson, AZ 85701-2225
14326694      +Western General Insurance,    P.O. BOX 4493,   Woodland Hills CA 91365-4493
14724048       c/o McCarthy & Holthus LLP,    1770 Fourth Avenue,    San Diego, CA 92101-2607

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: bankruptcynotices@azdor.gov Sep 18 2018 02:40:26     AZ DEPARTMENT OF REVENUE,
                BANKRUPTCY & LITIGATION,    1600 W. MONROE, 7TH FL.,    PHOENIX, AZ 85007-2650
14326669       E-mail/Text: bankruptcynotices@azdor.gov Sep 18 2018 02:40:26     Arizona Dept of Revenue,
                Special Operations Section,    1600 W MONROE ST RM 720,    PHOENIX AZ 85007-2612
14427966       E-mail/PDF: resurgentbknotifications@resurgent.com Sep 18 2018 02:54:35
                Ashley Funding Services LLC,    c/o Resurgent Capital Services,    PO Box 10587,
                Greenville, SC 29603-0587
14326672      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 18 2018 02:39:08     Capital One,
                Po Box 30285,   Salt Lake City UT 84130-0285
14326676      +E-mail/Text: bankruptcy_notifications@ccsusa.com Sep 18 2018 02:44:49
                Credit Collections Svc,    Po Box 773,    Needham MA 02494-0918
14326677      +E-mail/PDF: creditonebknotifications@resurgent.com Sep 18 2018 02:39:17     Credit One Bank Na,
                Po Box 98873,   Las Vegas NV 89193-8873
14322605      +E-mail/Text: bankruptcy@flagshipcredit.com Sep 18 2018 02:43:17     Flagship Credit Acceptance,
                PO BOX 3807,   coppell, TX 75019-4354
14326678      +E-mail/Text: bankruptcy@flagshipcredit.com Sep 18 2018 02:43:17     Flagship Credit Acceptance,
                Po Box 965,   Chadds Ford PA 19317-0643
14326680      +E-mail/Text: RMOpsSupport@alorica.com Sep 18 2018 02:43:08     Global Receivables Sol,
                2703 N Highway 75,    Sherman TX 75090-2567
14326682       E-mail/Text: cio.bncmail@irs.gov Sep 18 2018 02:41:18     Internal Revenue Service,
                Centralized Insolvency Operations,    PO BOX 7346,    Philadelphia PA 19101-7346
14326683      +E-mail/Text: bnckohlsnotices@becket-lee.com Sep 18 2018 02:40:52     Kohls/Capital One,
                Po Box 3120,   Milwaukee WI 53201-3120
14326684      +E-mail/Text: bnc@nordstrom.com Sep 18 2018 02:40:57     Nordstrom Fsb,    Correspondence,
                Po Box 6555,   Englewood CO 80155-6555
14451684       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 18 2018 02:54:17
                Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
14326056       E-mail/Text: jennifer.chacon@spservicing.com Sep 18 2018 02:45:17
                Select Portfolio Servicing, Inc.,    P.O. Box 65250,    Salt Lake City, UT 84165-0250
14326689      +E-mail/Text: bankruptcy@sdil.net Sep 18 2018 02:44:48     Southwest Diagnostic Imaging,
                2323 W. Rose Garden Lane,   Phoenix AZ 85027-2530
14454425       E-mail/Text: jennifer.chacon@spservicing.com Sep 18 2018 02:45:17
                U.S. Bank National Association,    c/o Select Portfolio Servicing, Inc.,   P.O. Box 65250,
                Salt Lake City, UT 84165-0250
                                                                                              TOTAL: 16

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```

```
District/off: 0970-2           User: stroude              Page 2 of 2               Date Rcvd: Sep 17, 2018
                               Form ID: pdf010            Total Noticed: 41
```

```
14326671*          Bureau of Medical Economics,    PO Box 20247,    Phoenix AZ 85036-0247
14326687*         +Select Portfolio Servicing, Inc,    PO Box 65250,    Salt Lake City UT 84165-0250
14724049*          Select Portfolio Servicing, Inc.,    P.O. Box 65250,    Salt Lake City, UT 84165-0250
                                                                                 TOTALS: 0, * 3, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 19, 2018                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 13, 2018 at the address(es) listed below:
```
              BRIAN M. BLUM    on behalf of Debtor RONALD   RELF brian@turnaroundteam.com,
               teresie@turnaroundteam.com,paula@turnaroundteam.com,kyle@turnaroundteam.com
              BRIAN M. BLUM    on behalf of Joint Debtor VANESSA   RELF brian@turnaroundteam.com,
               teresie@turnaroundteam.com,paula@turnaroundteam.com,kyle@turnaroundteam.com
              DANIEL E GARRISON    on behalf of Joint Debtor VANESSA   RELF dan@turnaroundteam.com,
               teresie@turnaroundteam.com,brian@turnaroundteam.com,kyle@turnaroundteam.com,
               paula@turnaroundteam.com
              DANIEL E GARRISON    on behalf of Debtor RONALD   RELF dan@turnaroundteam.com,
               teresie@turnaroundteam.com,brian@turnaroundteam.com,kyle@turnaroundteam.com,
               paula@turnaroundteam.com
              EDWARD 5  MANEY    on behalf of Trustee EDWARD J. MANEY courtecf@maney13trustee.com
              EDWARD J. MANEY    courtecf@maney13trustee.com
              JAMES F KAHN    on behalf of Mediator JAMES F. KAHN james.kahn@azbk.biz,
               jfkpcecf@gmail.com, ahartkr68748@notify.bestcase.com
              KRISTIN E MCDONALD    on behalf of Creditor   U.S. Bank National Association, as trustee, on
               behalf of the holders of the Credit Suisse First Boston Mortgage Securities Corp., Home Equity
               Pass Through Certificates, Series 2007-1 bknotice@mccarthyholthus.com,
               kmcdonald@mccarthyholthus.com,kmcdonald@ecf.courtdrive.com
              KYLE A. KINNEY    on behalf of Debtor RONALD   RELF kyle@kinneylaw.net,   paulahillock@kinneylaw.net
              KYLE A. KINNEY    on behalf of Joint Debtor VANESSA   RELF kyle@kinneylaw.net,
               paulahillock@kinneylaw.net
              LAKSHMI  JAGANNATH    on behalf of Creditor   U.S. Bank National Association, as trustee, on
               behalf of the holders of the Credit Suisse First Boston Mortgage Securities Corp., Home Equity
               Pass Through Certificates, Series 2007-1 bknotice@mccarthyholthus.com
              MARY B. MARTIN    on behalf of Trustee EDWARD J. MANEY mary@maney13trustee.com
              PATRICIA  DOYLE-KOSSICK    on behalf of Creditor   FLAGSHIP CREDIT ACCEPTANCE, LLC
               pdk@pdklawfirm.com
              U.S. TRUSTEE    USTPRegion14.PX.ECF@USDOJ.GOV
                                                                                             TOTAL: 14
```

KYLE A. KINNEY, ESQ. [BAR NO. 027189]
THE TURNAROUND TEAM, PLLC
1717 N. 77TH STREET, SUITE 6
SCOTTSDALE, AZ 85257
PHONE: [480]269-7077
FAX: [480] 614-9414
EMAIL: KYLE@KINNEYLAW.NET

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br>Ronald Relf and<br>Vanessa Relf,<br><br>Debtor(s) | Case No. 2:16-bk-13256-BMW<br><br>**CHAPTER 13 PLAN**<br><br>☐ Original<br>☒ Amended<br>☐ Modified<br>☐ Payments include post-petition mortgage payments<br>☐ Flat Fee/Administrative Expense<br>☐ Hourly Fee/Administrative Expense |

This Plan[1] includes the following (check all that are applicable):

- ☐ A limit on the amount of a secured claim, which may result in a partial payment or no payment to the secured creditor. See Section (C)(5)(b).
- ☐ Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest. See Section (C)(5)(c).
- ☒ Nonstandard Provisions. See Section (H).

**Your rights may be affected by this Plan. Your claim may be reduced, modified or eliminated. If you object to the treatment of your claim as proposed in this Plan or to any provision of this Plan, you must file a written objection by the deadline set forth below. The Bankruptcy Court may confirm this Plan without further notice if no objection is filed and the order is approved by the Trustee. See Bankruptcy Rule 3015 and Local Rule 2084-13.**

This Chapter 13 Plan is proposed by the above Debtor.[2] The Debtor certifies that the information contained in this Plan is accurate. A creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan and serve copies on the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 14 days after the date set for the first meeting of creditors, or any continuation of such meeting, or 28 days after service of the Plan, whichever is later. See Local Rule 2084-9.

This Plan does not allow claims or alter the need for timely filing any claim. For a creditor to receive a distribution for an unsecured claim, the creditor must file a proof of claim with the Court.

If confirmed, the Plan will modify the rights and duties of the Debtor and creditors, except secured creditors will retain their liens until the earlier of payment of the underlying debt or Debtor's discharge under Code § 1328[3]. If the case is dismissed or converted to another chapter (for example, Chapter 7) without completion of the Plan, each lien shall be retained to the extent recognized by applicable nonbankruptcy law.

---

[1] "Plan" includes the original plan and any amended or modified plan.
[2] If this is a joint case, then "Debtor" means both Debtors.
[3] "Code" means the United States Bankruptcy Code, 11 U.S.C. § 101 et. seq.

Pre-petition defaults will be cured using the interest rate set forth in the Plan or Code § 511, if applicable. Any ongoing obligation will be paid according to the terms of the Plan.

☑ This is an Amended or Modified Plan.

The reason(s) why Debtor filed this Amended or Modified Plan:
To conform to Trustee recommendations and commence conduit payments.

Summarize how the Plan varies from the last Plan filed: Revises the plan to more specifically address mortgage conduit payments and months where post-petition payments were paid outside of the plan and accounts for the allocation of excess supplemental settlement funds.

**(A) Plan Payments and Property to be Submitted to the Trustee.**

Plan payments start on December 18, 20 16. The Debtor shall pay the Trustee as follows:

$ 250.00 each month for month 1 through month 1.   $1,110.00 each month for month 14 through 14
$ 725.00 each month for month 2 through month 5    $1,989.00 each month for months 15 through 16
$ 2,300.00 each month for month 6 through month 13  $2,102.00 each month for month 17 through 17
                                                    $ 600.85 each month for months 18 through 60

The proposed Plan duration is 60 months. The applicable commitment period is 36 months.

See Code § 1325(b)(4). In addition to plan payments and, if applicable, mortgage conduit payments, Debtor will submit the follwing property to the Trustee:

None other than $16,500 less attorney's fees that has already been paid to the trustee from a personal injury settlement netting $10,534.37 to the bankruptcy estate

**(B) Trustee's Percentage Fee.** The Trustee shall collect upon receipt a percentage fee from all plan payments (including mortgage payments) and property received, not to exceed 10%.

**(C) Administrative Expenses and All Claims.**

**(1)** Until the Court confirms the Plan the Trustee will make adequate protection payments under Section (C)(1)(a) below, mortgage conduit payments under Section (C)(1)(b), if applicable, and pay other sums as ordered by the Court. Other disbursements will be made after the Court confirms the Plan. Unless otherwise provided for in Section (H) below, disbursements by the Trustee shall be pro rata within classes and made in the following order:

**(a)** *Adequate protection payments to creditors secured by personal property.*

☐ **None.** *If "None" is checked, the rest of Section (C)(1)(a) is not to be completed.*

Pursuant to Local Rule 2084-6, the Trustee is authorized to make monthly pre-confirmation adequate protection payments to a secured creditor without a Court order, provided the claim is properly listed on Schedule D, a secured proof of claim is filed that includes documentation evidencing a perfected security agreement, and the Debtor or creditor sends a letter to the Trustee requesting payment. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, adequate protection payments will continue until the claim is paid in full, unless the confirmed Plan or a Court order specifies a different treatment. If a creditor disagrees with the amount of the proposed adequate protection payments or the Plan fails to provide for such payments, the creditor may file an objection to confirmation of this Plan and/or file a motion pursuant to Code §§ 362 or 363.

| Creditor | Property Description | Collateral Value | Monthly Amount |
|---|---|---|---|
| Flagship CreditAcceptance | 2015 Chevrolet Malibu; 34,500 miles | $ 12,400.00 | 145.00 |

☐ **Nonstandard Provisions**. See Section (H).

**(b)** *Mortgage Conduit Payments.*

☐ **None.**

The Trustee shall disburse Conduit Payments to a Real Property Creditor without regard to whether the Court has confirmed a Plan or the Real Property Creditor has filed a proof of claim. See Section (C)(4)(c) and Local Rule 2084-4.

**(2)** *Administrative expenses.* Code § 507(a)(2).

**(a)** *Attorney fees.* Debtor's attorney has agreed to:

☐ A flat fee of $_____, of which $_____ was paid before the filing of the case (See Local Rule 2084-3);

**or**

☒ File a fee application for payment of a reasonable amount of fees. The estimated amount of fees to be paid by the Trustee, subject to Court order, is $ 4690.00 , of which $ 1190.00 was paid before the filing of the case.

**(b)** *Additional Services*. Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor:

(i) Before Confirmation:
  ☐ Adversary proceedings $_____.
  ☐ Lien Avoidance Actions $_____.
  ☐ Preparing and filing of any motion to sell property $_____.  $ 1,200.00
  ☒ Other Flat Fees for Plan Confirmation / MMM Program  $ 1,250.00 .

(ii) After Confirmation:
  ☐ Preparing and filing of Modified Plan $_____.
  ☐ Responding to motion to dismiss and attendance at hearings $_____.
  ☐ Defending motion for relief from the automatic stay $_____.
  ☐ Adversary proceedings $_____.
  ☐ Lien Avoidance Actions $_____.
  ☐ Preparing and filing of any motion to sell property $_____.
  ☒ Other Flat Fees for  Any of the above proceedings   $ 1,200.00 .

All other additional services will be billed at the rate of $ 250.00 per hour for attorney time and $ 195.00 per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include *all* time expended in the case in the separate fee application.

**(c)** *Other Professional Expenses*:

> See Varying Provisions.

**(3) Leases and Unexpired Executory Contracts**.

☒ **None.** *If "None" is checked, the rest of Section (C)(3) is not to be completed.*

Pursuant to Code § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with sums owing, the arrearage will be cured by periodic plan payments. Unless the Court orders otherwise, the arrearage amount shall be the amount stated in the creditor's allowed proof of claim.

**(a)** *Assumed*.

No interest will be paid on the prepetition arrearage unless otherwise stated in Nonstandard Provisions at Section (H). A creditor identified in this paragraph may mail to the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay.

| Creditor | Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|---|
|  |  |  |  |

☐ **Nonstandard Provisions**. See Section (H).

**(b)** *Rejected*.

| Creditor | Property Description |
|---|---|
|  |  |

☐ **Nonstandard Provisions**. See Section (H).

**(4) Creditors with a Security Interest in Real Property.**

☐ **None.** *If "None" is checked, the rest of Section (C)(4) is not to be completed.*

**(a)** *Claim Wholly Unsecured.* The Debtor considers any real property creditor listed below to have an unsecured claim under Code § 506(a) as senior liens are greater in amount than the value of the real property. Unless disallowed or otherwise ordered, each of the following shall be classified as a wholly unsecured claim under Section (C)(7) below. This provision shall not alter the status of a claim otherwise entitled to be classified as a priority under Code § 507(a)(8).

| Creditor | Property Description | Value of Collateral | Total Amount of Liens with Greater Priority |
|---|---|---|---|
| | | | |

**(b)** *No Pre-Petition Mortgage Arrears*. To the extent there are no pre-petition arrears, regular post-petition mortgage payments shall be paid directly by the Debtor to the secured creditor.

| Creditor | Property Address | Post-Petition Payments by Debtor |
|---|---|---|
| Michigan State Housing | 11383 Mitchell St., #7, Hamtrack, MI 48212 Wayne County | $0 |

**(c)** *Curing of Default and Maintenance of Payments.* Prepetition arrearages, including fees and costs, as well as the regular post-petition payments shall be paid through the Plan by the Trustee. No interest will be paid on the prepetition arrearage unless otherwise stated in Nonstandard Provisions. Unless the Court orders otherwise, the arrearage amount shall be the amount stated in the creditor's allowed proof of claim.

A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without violating the automatic stay.

| Creditor or Property Servicing Agent | Property Description | Current Monthly Payment | Estimated Arrearage Amount Owed and Date Owed Through | Interest Rate, if applicable (i.e. HOA's) |
|---|---|---|---|---|
| Select Portfolio Servicing, Inc., | 5307 W Muriel Dr., Glendale, AZ 85308 | $1,501.41 | 19,250.62 | 0.00 |
| West Glen Community Inc. | 5307 W Muriel Dr., Glendale, AZ 85308 | $360 per quarter | 1,286.72 | 0.00 |

  ☒ **Nonstandard Provisions**. See Section (H).

**(5)** *Claims Secured by Personal Property or a Combination of Real and Personal Property.*

 ☐ **None.** *If "None" is checked, the rest of Section (C)(5) is not to be completed.*

Claims under paragraphs (a) and (b) that are included in the plan payment will be paid concurrently and pro rata.

**(a)** *Unmodified Secured Claims.*

  ☒ **None.** *If "None" is checked, the rest of Section (C)(5)(a) is not to be completed.*

A claim stated in this subparagraph (i.e. 910 claims) will be paid in full under the Plan with interest at the rate stated below, which may vary from the contract interest rate. Unless otherwise ordered, the principal amount to be paid will be as stated in the creditor's proof of claim. The holder of a claim will retain the lien until the earlier of payment of the underlying debt determined under nonbankruptcy law or discharge under Code § 1328, at which time the lien will terminate and shall be released by the creditor. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under Code § 541(c)(2) until the Internal Revenue Service is required to release the liens in accordance with nonbankruptcy law.

| Creditor | Property Description | Estimated Amount to be Paid on Secured Claim | Proposed Interest Rate |
|---|---|---|---|
|  |  |  |  |

☐ This debt has nonfiling codebtor(s) other than a spouse.
　　　Name(s) of other individual(s) liable: _____
　　　Post-petition payments to be made by: 　☐ Trustee; or
　　　　　　　　　　　　　　　　　　　　　　☐ Nonfiling codebtor.

☐ **Nonstandard Provisions**. See Section (H).

**(b)** *Modified Secured Claims.*

☐ **None.** *If "None" is checked, the rest of Section (C)(5)(b) is not to be completed.*

Secured creditors listed below shall be paid the amount shown below as the Amount to be Paid on Secured Claim, with such amount paid through the Plan payments. If the Plan proposes to pay a Secured Claim less than the amount asserted in the proof of claim, then the holder of the Secured Claim must file a timely objection to the Plan. If the principal amount of the creditor's proof of claim is less than the Amount to be Paid on Secured Claim, then only the proof of claim amount will be paid. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan. The holder of a timely filed secured claim will retain its lien until the earlier of payment of the underlying debt determined under nonbankruptcy law or discharge under Code § 1328, at which time the lien will terminate and shall be released by the creditor. Any proposed adequate protection payments are provided for in Section (C)(1)(a) above.

| Creditor and Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid on Secured Claim | Proposed Interest Rate |
|---|---|---|---|---|
| Flagship Credit Acceptance<br>2015 Chevrolet Malibu | $25,234.41 | $12,400.00 - Kelly Blue Book | $25,234.41 | 5.75% |

☒ **Nonstandard Provisions**. See Section (H).

**(c) Lien Avoidance.**

☒ **None.** *If "None" is checked, the rest of Section (C)(5)(c) need not be completed.*

The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under Code § 522(b). Unless ordered otherwise, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Section (C)(7) to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See Code § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien. All information for the avoidance of the lien(s) must be provided.*

| Information regarding judicial lien or security interest | Information regarding calculation of lien avoidance and treatment of remaining secured claim |
|---|---|
|  |  |

**(6)** *Priority, Unsecured Claims, Other Than Debtor's Attorney Fees.*

☒ **None.** *If "None" is checked, the rest of Section (C)(6) is not to be completed.*

All allowed claims entitled to priority treatment under Code § 507 shall be paid in full, pro rata:

**(a)** *Unsecured Domestic Support Obligations*. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date are to be cured in the plan payments. The amount to be paid will be adjusted to the creditor's allowed claim amount, through the claim process. If the holder of a domestic support obligation disagrees with the treatment proposed in this Plan, the holder must file a timely objection.

| Creditor | Estimated Arrearage |
|---|---|
|  |  |

**(b)** Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
|  |  |  |

☐ **Nonstandard Provisions**. See Section (H).

**(7)** *Nonpriority, Unsecured Claims.* Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments, if any, under the Plan. The amount to be paid or actually paid may differ from the Plan Analysis, depending on the Plan confirmation process and claims allowance.

☐ **Nonstandard Provisions**. See Section (H).

**(D) Surrendered Property.**

☒ **None.** *If "None" is checked, the rest of Section (D) is not to be completed.*

Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered, bankruptcy stays are lifted as to the collateral to be surrendered. Any claim filed by such creditor shall receive **no** distribution until the creditor files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Should the creditor fail to file an amended deficiency claim consistent with this provision, the Trustee need not make any distributions to that creditor.

| Entity | Brief Description of Property |
|---|---|
|  |  |

**(E) Vesting.** Except as stated in this paragraph, property of the estate shall vest in the Debtor upon confirmation of the Plan.

☐ The following property shall vest in the Debtor upon Plan completion:

| Brief Description of Property |
|---|
|  |

☐ **Nonstandard Provisions.** See Section (H).

**(F) Tax Returns**. While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within 14 days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except:

| Unfiled Tax Returns |
|---|
| None |

**(G) Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

**(H) <u>Nonstandard Provisions.</u>** Any Nonstandard Provision included herein must not be inconsistent with the Code or Local Rules and must identify the provision of the Plan being modified, the proposed modification and the justification for the modification. Any Nonstandard Provision placed elsewhere in this Plan is void. The Debtor submits the following provisions that vary from Section (C) of the Local Plan Form:

☐ **None.** *If "None" is checked, the rest of Section (H) is not to be completed.*

☐ Provide the detail required above.

| Nonstandard Provisions |
|---|
| *[State the provision(s) with reference to relevant paragraph(s)]* |
| 1. Section C(1) Select Portfolio Servicing Inc. (as loan servicer for U.S. Bank NA), secured by a first deed of trust in the Debtors' residence, shall be paid the prepetition arrearage of $19,250.62 with 0.00% interest. Regular post-petition payments initially will be made by Debtors directly to SPS in months 1 through 5; conduit payments will be made by Trustee in months 6 through 17. In months 18 through 60, Debtors will make payment directly to the secured creditor.<br>2. Section C(1)(a) Flagship Credit Acceptance will receive adequate protection payments in the amount of $145 to be paid through the plan;<br>3. Michigan State Housing Development Authority, secured by a mortgage in the real property located at 11383 Mitchell St # 7 Hamtramck, MI 48212 shall not be paid by the Trustee. Any post-petition payments due will be made directly by the Debtors to the secured creditor. This property was granted to Debtors in settlement of a class action discrimination action against the county/state and may not be transferred.<br>4. West Glen Community Inc., secured by a statutory lien in the Debtors' residence for homeowner association dues, shall be paid the prepetition arrearage of $1,286.72 with 0.00% interest. All post-petition dues and fees shall be paid directly by the Debtors to this creditor per the pre-bankruptcy agreements.<br>Section (C)(2) A fee application was filed by prior counsel and the court has ordered $3,165 iin fees and $420 in costs be paid to said counsel. Current counsel shall be allowed total compensation of $1,250 for services rendered in connection with Debtors' participation in the MMM program (which was unsuccessful) and appeal of the same, and $1,200 for services rendered in plan confirmation, upon application and a signed order.<br>5. The Debtors' bankruptcy estate received a payment of $16,500 resulting from a personal injury settlement. $250 of those funds were paid via the Trustee to James Kahn, special counsel and $5,715.43 from those funds were paid to Matthew R. Boatman for legal services rendered to Debtors' in bringing that action. The remaining $10,534.57 will be applied first to unsecured debts and then to secured debts. |

**(I) Plan Summary.** If there are discrepancies between the Plan and this Plan Analysis, the provisions of the confirmed Plan control.

(1) Trustee's Compensation (10% of Total of Plan Payments to Trustee)...................................................... $ 7,000.19
(2) Administrative Expenses (§ (C)(2)) ................................................................................................ $ 6,035.00
(3) Leases and Executory Contracts (§ (C)(3))..................................................................................... $     0
(4)(a) Conduit Mortgage Payments (§ (C)(4)(c)) ................................................................................. $18,016.92
(4)(b) Arrearage Claims Secured Solely by Real Property (§ (C)(4)(c))................................................. $20,537.34
(5)(a) Claims Secured by Personal Property or Combination of Real & Personal..................................
  Property (§ (C)(5)) - Unmodified............................................................................................. $_____
(5)(b) Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Modified... $_____
(6) Priority Unsecured Claims (§ (C)(6))............................................................................................. $    0
(7) Unsecured Nonpriority Claims (§ (c)(7)) ....................................................................................... $ 1,405.60
(8) Total of Plan Payments to Trustee................................................................................................... $ 52,995.05

**(J) Section 1325 analysis.**

(1) Best Interest of Creditors Test:

  (a) Value of Debtor's interest in nonexempt property.......................................................................... $ 1347.58
  (b) Plus: Value of property recoverable under avoidance powers ...................................................... $ 0
  (c) Less: Estimated Chapter 7 administrative expenses..................................................................... $ 371.26
  (d) Less: Amount payable to unsecured, priority creditors.................................................................. $ 0
  (e) Equals: Estimated amount payable to unsecured, nonpriority claims if Debtor filed Chapter 7................. $ 976.32

(2) Section 1325(b) Analysis:

  (a) Monthly Disposable Income, Form B 122C-2 (if less than $0, then state $0............................... $ 119.24
  (b) Applicable Commitment Period......................................................................................... x 36
  (c) Total of Line (2)(a) amount x 60.......................................................................................... $ 4292.64
(3) Estimated Payment to Unsecured, Nonpriority Creditors Under Plan ............................................. $ 10,201.42

**Certification by Debtor(s) and Attorney for Debtor(s): No changes were made to the Model Plan, other than the possible inclusion of relevant Nonstandard Provisions in Section (H).**

Dated: __August 29_____, 20_18_.

 s/Ronald Relf                                             s/ Vanessa Relf
_____                               _____
Debtor  Ronald Relf                                        Debtor  Vanessa Relf


 s/Kyle A. Kinney
_____
Attorney for Debtor